## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER Y. MEEK, Individually and On Behalf Of All Others Similarly Situated, Plaintiff, | ) ) ) Case No. 4:19-cv-472 |
| vs. | ) COMPLAINT |
| KANSAS CITY LIFE INSURANCE COMPANY, | ) Class Action |
| Defendant. | ) DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Christopher Y. Meek ("Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant Kansas City Life Insurance Company ("Defendant"), states and alleges as follows:

**NATURE OF ACTION**

1. This is a class action for breach of contract and conversion to recover amounts that Defendant charged Plaintiff and the proposed class in excess of amounts authorized by the express terms of their life insurance policies. Plaintiff's claims are supported by the written provisions of his policy, which are materially the same as those of other policies held by the members of the proposed class.

2. The terms of Plaintiff's life insurance policy provide for a "cash value" consisting of monies held in trust by Defendant for Plaintiff, and Defendant is contractually bound to deduct from the cash value only those charges that are explicitly identified and authorized by the policy's terms.

3. Despite unambiguous language in the policy, which is a fully integrated insurance agreement, Defendant breaches the policy by deducting charges from Plaintiff's cash value in

1

excess of the amounts specifically permitted by the policy. Defendant has breached the policy repeatedly and continues to do so.

4. Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the cash values under their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to: earn interest; pay future premiums; increase the death benefit; use as collateral for policy loans; or withdraw as cash.

5. Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, individually and on behalf of the following persons (the "class"):

> All persons who own or owned a life insurance policy issued or administered by Defendant, the terms of which provide or provided for: (1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; (2) additional but separate policy charges, deductions, or expenses; (3) an investment, interest-bearing, or savings component; and (4) a death benefit.

6. On behalf of himself and the class, Plaintiff seeks to recover compensatory and punitive damages, as well as declaratory and injunctive relief.

## **PARTIES**

7. Plaintiff Christopher Y. Meek resides in Baxter Springs, Kansas, and is a citizen of the State of Kansas.

8. Defendant Kansas City Life Insurance Company is a corporation incorporated under the laws of the State of Missouri, with its principal place of business in Kansas City, Missouri.

## **JURISDICTION AND VENUE**

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2), because this is a class action in which at least one member of the class is a citizen of a state different from

Defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and the proposed class contains more than 100 members.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(1) in that Defendant resides in this judicial district and division and a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this judicial district and division.

## FACTUAL BACKGROUND

11. Plaintiff purchased from Defendant a "Flexible Premium Adjustable Death Benefit Life Policy" bearing policy number 2282560, with an issue date of October 9, 1984, a policy date of October 18, 1984, and an initial specified amount of $60,000 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A, and incorporated herein by reference.

12. Plaintiff has always been both the "owner" and the "insured" under the Policy, which remains in force.

13. Defendant is the effective and liable insurer of the Policy, and policies meeting the class definition (the "Class Policies").

14. The entire contract between Plaintiff and Defendant consists of the Policy, the application, and any supplemental applications. Ex. A at p. 7.

15. The terms of the Policy are not subject to individual negotiation and are materially the same for all policy owners.

16. Only the President, Vice President, Secretary, or Assistant Secretary of Defendant has authority to change a provision of the Policy, and any such "approved change must be endorsed on or attached to" the Policy. Ex. A at p. 10.

17. Insurance agents do not have "authority to make any changes or waive any of the terms" of the Policy. Ex. A at p. 10; *see also* p. 7 of Plaintiff's application included in Ex. A ("No agent has the authority . . . to waive any of the [Defendant]'s rights or requirements, or to make or alter any contract or policy.")

18. Defendant has issued and administered, and currently administers, all aspects of the Policy and Class Policies, including collecting premiums, and determining, assessing, and deducting policy charges.

19. In addition to a death benefit, the Policy and Class Policies provide policy owners an investment, savings, or interest-bearing component that accumulates value over time. Although the savings component in certain of the Class Policies may be identified by a different name, it is identified in the Policy and throughout this Complaint as the "cash value."

20. Generally, under universal life policies like those owned by Plaintiff and class members, premiums are deposited into the cash value of the policy, and the insurer deducts certain amounts directly from premium payments and monthly deductions from the cash value as authorized by the policy.

21. The Policy authorizes Defendant to deduct 7.5% from each premium payment for the first 10 years and then 3% thereafter. Ex. A at p. 4.

22. The funds held in the cash value are policy owner property that Defendant holds in trust for its policy owners.

23. The Policy and Class Policies expressly identify how the cash value is calculated:

On each monthly anniversary day the cash value will be equal to:

$$A + B + C - D$$

On any day other than a monthly anniversary day, the cash value will be equal to:

$$A + B + C$$

4

"A" is the cash value on the preceding monthly anniversary day.

"B" is the net premiums received since the preceding monthly anniversary day.

"C" is interest on "A" from the preceding monthly anniversary day plus interest on each net premium in "B" from the date of receipt of each premium at [Defendant's] Home Office.

"D" is the monthly deduction (as described in Section 10.4) for the month beginning on that monthly anniversary day.

Ex. A. at p. 10.

24. The Policy expressly defines the specific charges that Defendant may assess and deduct from Plaintiff's premium payments and the Policy's cash value. Defendant may assess and deduct only those charges allowed by the Policy.

25. The Policy authorizes Defendant to deduct a premium expense charge of 7.5% from each premium payment for the first 10 years the policy is in-force and 3% from each premium payment thereafter. Ex. A at p. 4.

26. The Policy authorizes Defendant to take from the cash value a "Monthly Deduction." The Monthly Deduction is:

The amount [Defendant] deduct[s] on the monthly anniversary day from the cash value to pay the cost of insurance, expenses and the cost of any additional benefits provided by riders for the month beginning on that monthly anniversary day.

Ex. A at p. 6.

27. The Policy authorizes Defendant to deduct a monthly expense charge in the amount of $19.70 per month for the first policy year and $2.50 per month after the first policy year for all remaining policy years. Ex. A at p. 4.

28. The Policy also authorizes Defendant to deduct an increase expense charge of $1.44 per $1,000 increase in specified amount. Ex. A at p. 4.

29. The Policy defines its "Expense Charges" as follows:

5

> The amount [Defendant] deduct[s] to cover [Defendant's] expenses. The premium expense charge is the amount [Defendant] deduct[s] from each premium payment. The monthly expense charge is included in the monthly deduction.

Ex. A at p. 6.

30. The Policy identifies how the current monthly expense charges will be determined:

> The current monthly expense charge and the current increase expense charge are shown on page 4. These expense charges will be determined by [Defendant] based on [Defendant's] expectations as to future expenses. However, any percentage increase in these current expense charges over that shown on page 4 will not be greater than the percentage increase over the same period in the Consumer Price Index for Urban Wage Earners and Clerical Workers-All Items. If the Consumer Price Index is no longer available, [Defendant] will substitute an index which in [Defendant's] opinion is a comparable index.

Ex. A at p. 11.

31. The premium expense charge, monthly expense charge, and increase expense charge are the only "expense charges" identified by the Policy.

32. In addition to setting the maximum amounts Defendant is authorized to deduct for expense charges, the Policy expressly identifies a separate cost of insurance charge deducted from the cash value each month.

33. The "Cost of Insurance" is defined in the Policy as:

> The charge [Defendant] make[s] for providing pure insurance protection using the current cost of insurance rates for this policy. It does not include the cost of any additional benefits provided by riders.

Ex. A at p. 6.

34. The Policy identifies how the cost of insurance is calculated:

The cost of insurance on any monthly anniversary day is equal to:

$$Q \times (R - S)$$

"Q" is the cost of insurance rate (as described in Section 3).

6

"R" is the Insured's death benefit on that day divided by no less than 1.0024663.

"S" is the cash value (as described in Section 10.2) prior to subtracting the cost of insurance.

Ex. A at p. 11.

35. The Policy discloses how the monthly cost of insurance rates ("Q" in paragraph 34 above) will be determined:

> The cost of insurance rate on each monthly anniversary day is based on the Insured's sex, age and risk class. Age means the age on the Insured's last birthday. The guaranteed maximum monthly cost of insurance rates per $1,000 shown in the table below are based on the Commissioners 1958 Standard Ordinary Mortality Table, age last birthday.
>
> Monthly cost of insurance actually used will be determined by [Defendant] based on [Defendant's] expectations as to future mortality experience, but these rates will never be greater than those shown below. However, the guaranteed maximum monthly cost of insurance rates for special risk classes will be adjusted appropriately.

Ex. A at p. 5.

36. Age, sex, and risk class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds.

37. Because the Policy specifically identifies age, sex, and risk class in the cost of insurance provisions, and expressly states that the cost of insurance rates actually used will be determined based on Defendant's expectations as to future mortality experience, the parties agreed that Defendant's mortality expectations are what determine cost of insurance rates under the Policy.

38. Like the Policy, the Class Policies disclose similar periodic deductions that Defendant is authorized to take from policy owners' cash values, including specifically, cost of insurance charges that are calculated using rates that Defendant must determine based on its expectation as to future mortality experience and separate, monthly expense charges.

7

39. Although the Policy and Class Policies authorize Defendant to determine cost of insurance rates based on its "expectations as to future mortality experience," based on information and belief, Defendant does not determine cost of insurance rates based on its "expectations as to future mortality experience." Defendant uses other undisclosed factors to determine such rates, including without limitation, expenses.

40. By failing to determine cost of insurance rates based on its "expectations as to future mortality experience," Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policy and Class Policies.

41. By failing to determine cost of insurance rates based on its expectations as to future mortality experience, Defendant repeatedly breaches the Policy and Class Policies by impermissibly inflating those rates such that they exceed Defendant's "expectations as to future mortality experience."

42. The higher cost of insurance rates used by Defendant cause the monthly cost of insurance charge to be greater than what is explicitly authorized by the Policy and Class Policies. Consequently, Defendant withdraws from the cash value amounts for the cost of insurance that are greater than those authorized under the Policy and Class Policies.

43. Even though Plaintiff has paid nearly $60,000 in premiums to Defendant over more than 34 years, his Policy's cash value in October 2018 was depleted to less than $500. Plaintiff's Policy and the Class Policies are permanent life insurance, meaning their purpose is to provide insurance protection for the life of the insured.

44. But, Defendant's failure to determine cost of insurance rates based on its "expectations as to future mortality experience" and its assessment of unauthorized, hidden, non-mortality related expense loads in the monthly cost of insurance charge drained Plaintiff's cash

8

value over time. As a result, the cash value cannot fund the monthly deduction thereby requiring premiums to be much higher than planned. Because of these increased premiums, the Policy is no longer affordable as Plaintiff has aged. Plaintiff does not have other life insurance coverage and Plaintiff likely would not be able to obtain affordable life insurance coverage due to his advanced age and health conditions. In other words, Plaintiff now is effectively uninsurable. All members of the class are similarly situated. Consequently, class members, including Plaintiff, now may be left without life insurance when it is needed most (or will be in the future).

45. Each of Defendant's past and future cost of insurance deductions from the cash values of Plaintiff and the class constitutes separate breaches of contract.

46. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have been damaged, and those damages are continuing in nature in that Defendant has deducted and will continue to deduct cost of insurance charges from the cash values of policy owners in unauthorized amounts.

47. By loading cost of insurance rates with undisclosed expense experience factors, Defendant repeatedly breaches the Policy and Class Policies by impermissibly deducting amounts from the cash values of Plaintiff and the class in excess of the maximum expense charge amounts expressly authorized by the Policy and Class Policies.

48. Defendant's inclusion of hidden expense loads in the cost of insurance rates is not authorized under the expense provisions of the Policy. Indeed, Defendant charged policy owners the maximum amounts authorized under the Policy's and Class Policies' expense provisions, and therefore, did not have authorization to deduct additional expenses.

49. For example, from October 18, 2017 to October 18, 2018, Defendant deducted $142.24 from Plaintiff's cash value related to "Expense Charges." There are two authorized

9

Case 4:19-cv-00472-BP    Document 1    Filed 06/18/19    Page 9 of 20

"Expense Charges" under the Policy: (1) the "premium expense charge" and (2) the "current monthly expense charges." The Policy authorized a "premium expense charge" of 3% to be taken from each premium payment during the aforementioned Policy period for a total of $112.24 (Plaintiff made 10 premium payments of $291.71, of which Defendant deducted 3% or $8.75 from each premium payment, and 2 premium payments of $412.40, of which Defendant deducted 3% or $12.37 from each premium payment). Additionally, each month Defendant is authorized to deduct "current monthly expense charges" of $2.50 for a total of $30 for the policy year. Those two charges for the above time period resulted in total "expense charges" of $142.24 ($112.24 + $30.00 = $142.24). In violation of the Policy, however, Defendant also loaded hidden expense charges in excess of the Policy expense caps into the cost of insurance (i.e., expense charges in addition to the $142.24). All class members, like Plaintiff, have been assessed unauthorized expenses through these hidden loads.

50. Each of Defendant's deductions for expenses in excess of the maximum expense charge amounts constitutes separate breaches of contract.

51. As a direct and proximate result of Defendant's breaches, therefore, Plaintiff and the class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses from the cash values of Plaintiff and the class in amounts not authorized by the Policy and Class Policies.

52. The nature of Defendant's conduct is such that Plaintiff and each member of the class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from cash values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policy. The cost of insurance rates used to calculate cost of insurance charges are not disclosed to policy owners, nor are the

10

Case 4:19-cv-00472-BP   Document 1   Filed 06/18/19   Page 10 of 20

components or factors used to determine those rates. And, even if they were, Plaintiff and the members of the class would lack the knowledge, experience, or training to reasonably ascertain how Defendant calculated the rates and charges included in the Policy.

53. Because of its superior knowledge of the aforementioned computations, Defendant was aware that Plaintiff and each member of the class did not know about the improper deductions. Defendant sent Plaintiff and the class annual statements each year that identified each month's cost of insurance charge while affirmatively concealing the factors Defendant considered and used to determine the cost of insurance rates. Concealment of its conduct and failure to disclose its conduct to Plaintiff and the class constitutes fraudulent concealment and therefore tolls the statute of limitations for Plaintiff and proposed class members. Plaintiff did not learn of Defendant's breaches until after he had engaged counsel, who consulted an actuarial expert.

54. Plaintiff did not discover, nor could he have discovered through reasonable diligence, the facts establishing Defendant's breaches or conversions or the harm caused thereby.

## CLASS ACTION ALLEGATIONS

55. Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4), Plaintiff brings this action on behalf of himself and all others similarly situated, and seeks to represent the following class:

> All persons who own or owned a life insurance policy issued or administered by Defendant, the terms of which provide or provided for: (1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; (2) additional but separate policy charges, deductions, or expenses; (3) an investment, interest-bearing, or savings component; and (4) a death benefit.

56. Excluded from the class is Defendant, any entity in which Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal

11

representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsels' firms, any Judge to whom this case is assigned, and his or her immediate family. Also excluded from the class is any policy that explicitly discloses all of the factors Defendant used to calculate its rates and charges.

57. Plaintiff's claims satisfy the numerosity, typicality, adequacy, commonality and superiority requirements under Federal Rule of Civil Procedure 23, as set forth more fully herein.

58. The persons who fall within the class number in at least the hundreds and most likely thousands, and thus the numerosity standard is satisfied. Because class members are geographically dispersed across the country, joinder of all class members in a single action is impracticable.

59. Class members are readily ascertainable from information and records in Defendant's possession, custody, or control. Notice of this action can readily be provided to the class.

60. There are questions of law and fact common to the claims of Plaintiff and the class that predominate over any questions affecting only individual class members. The questions of law and fact arising from Defendant's actions that are common to the class include, without limitation:

(a) Whether Defendant is permitted by the Class Policies to determine cost of insurance rates that are not based on its expectations as to future mortality experience;

(b) Whether Defendant determines cost of insurance rates that are not based on its expectations as to future mortality experience;

(c) Whether Defendant is permitted by the Class Policies to consider and use undisclosed factors to determine the monthly cost of insurance rates used to calculate cost of insurance charges;

12

(d) Whether Defendant considered, added, included, used, or relied on undisclosed factors to determine the monthly cost of insurance rates used to calculate cost of insurance charges;

(e) Whether Defendant breached the terms of the Class Policies or converted class members' property;

(f) Whether the class sustained damages as a result of Defendant's breaches of contract and conversions;

(g) Whether the class is entitled to damages, restitution, and/or other equitable relief; and

(h) Whether the class, or a subset of the class, is entitled to declaratory relief stating the proper construction and/or interpretation of the Class Policies.

61. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

62. Plaintiff's claims are typical of the claims of the class in that Plaintiff and the class members all purchased policies containing the same or similar limitations on the amounts that Defendant could charge its policyholders under the express terms of the Policy and Class Policies.

63. Plaintiff will fairly and adequately protect and represent the interests of the proposed class, because his interests are aligned with, and not antagonistic to, those of the proposed class, and he is represented by counsel who are experienced and competent in the prosecution of class action litigation, and have particular expertise with class action litigation on behalf of owners of universal life insurance policies.

64. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the

13

class to bring a separate action. Because of the relatively small size of individual class members' claims, absent a class action, most class members would likely find the cost of litigating their claims prohibitively high and would have no effective remedy. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I: BREACH OF CONTRACT
### (Cost of Insurance Charge)

65. The preceding paragraphs are incorporated by reference as if fully alleged herein.

66. Plaintiff and the class purchased life insurance policies—the Policy and Class Policies—from Defendant.

67. The Policy and Class Policies are valid and enforceable contracts between the Defendant and Plaintiff and class members.

68. Plaintiff and the class substantially performed their obligations under the terms of the Policy and Class Policies.

69. Defendant considers and uses unauthorized and undisclosed factors to determine its monthly cost of insurance rates.

70. Defendant does not determine cost of insurance rates based on its expectations as to future mortality experience.

71. Defendant impermissibly causes cost of insurance rates to be higher for the Policy and the Class Policies.

72. Because Defendant calculates cost of insurance charges using monthly cost of insurance rates that are higher than those authorized by the Policy and Class Policies, Defendant

has deducted and will deduct cost of insurance charges from the cash values of Plaintiff and the class in amounts greater than those authorized by their policies.

73. Defendant's practice of deducting charges in amounts not authorized by the Policy and Class Policies results in repeated breaches of the policies.

74. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT II: BREACH OF CONTRACT
**(Expense Charges)**

75. The preceding paragraphs are incorporated by reference as if fully alleged herein.

76. By loading monthly cost of insurance rates with undisclosed expense factors, Defendant impermissibly deducts expense charges from the cash values of Plaintiff and the class in amounts in excess of the maximum expense charges expressly authorized by their policies.

77. By deducting unauthorized expense charges from the cash values of Plaintiff and the class, Defendant has breached and continues to breach the Policy and Class Policies.

78. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT III: BREACH OF CONTRACT
**(Improving Expectations as to Future Mortality Experience)**

79. The preceding paragraphs are incorporated by reference as if fully alleged herein.

80. The Policy and Class Policies require Defendant to determine cost of insurance rates based on its expectations as to future mortality experience.

81. Although its mortality expectations have generally improved because people are living longer today than when the Policy and Class Policies were initially priced, Defendant has,

on information and belief, failed to reduce monthly cost of insurance rates for the Policy and Class Policies to reflect those improved mortality expectations.

82. Defendant's failure to reduce these rates even though its expectations of future mortality experience improved constitutes breaches of the Policy and Class Policies.

83. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT IV: CONVERSION

84. The preceding paragraphs are incorporated by reference as if fully alleged herein.

85. Plaintiff and the class had a property interest in the funds Defendant deducted from their cash values in excess of the amounts permitted by the terms of the Policy and Class Policies.

86. By deducting cost of insurance charges and expense charges in unauthorized amounts from the cash values of Plaintiff and the class, Defendant assumed and exercised ownership over, and misappropriated or misapplied, specific funds held in trust for the benefit of Plaintiff and the class, without authorization or consent and in hostility to the rights of Plaintiff and class members.

87. Defendant continues to retain these funds unlawfully without Plaintiff and class members' consent.

88. Defendant's wrongful exercise of control over the personal property of Plaintiff and class members constitutes conversion.

89. As a direct and proximate result of Defendant's conduct, Plaintiff and the class have been damaged, and these damages are continuing in nature.

16

90. Although requiring expert testimony, the amounts of unauthorized cost of insurance charges and expense charges Defendant took from Plaintiff and the class are capable of determination, to an identified sum, by comparing Plaintiff's actual cost of insurance charge each month to a cost of insurance charge computed using a monthly cost of insurance rate determined based on Defendant's expectations as to future mortality experience.

91. On behalf of himself and the class, Plaintiff seeks all damages and consequential damages proximately caused by Defendant's conduct.

92. Defendant intended to cause damage to Plaintiff and the class by deducting more from their cash value than was authorized by the Policy and Class Policies. Defendant's conduct was, therefore, malicious and Defendant is also guilty of oppression in that its systematic acts of conversion subject Plaintiff and the class to cruel and unjust hardship in conscious disregard of their rights. Plaintiff and the class are therefore entitled to punitive or exemplary damages.

## COUNT V: DECLARATORY AND INJUNCTIVE RELIEF

93. The preceding paragraphs are incorporated by reference as if fully alleged herein.

94. An actual controversy has arisen and now exists between Plaintiff and the class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policy and Class Policies.

95. Plaintiff contends that Defendant has breached the Policy and Class Policies in the following respects:

(a) By failing to determine cost of insurance rates based on its expectations as to future mortality experience, Defendant impermissibly increased monthly cost of insurance rates for the Policy and Class Policies and, as a result, withdrew cost of insurance charges from the cash values of Plaintiff and the class in an amount greater than those authorized by the Policy and Class Policies.

(b) By inflating monthly cost of insurance rates with unauthorized expense factors, Defendant impermissibly deducted expenses from the cash values of Plaintiff and

17

the class in amounts in excess of the maximum expense charges expressly authorized by the Policy and Class Policies.

(c) By failing to reduce cost of insurance rates to reflect Defendant's improving expectations as to future mortality experience.

96. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and Class Policies and requests the Court declare the aforementioned conduct of Defendant unlawful and in material breach of the Policy and Class Policies so that future controversies may be avoided.

97. Pursuant to a declaration of the parties' respective rights and duties under the Policy and Class Policies, Plaintiff further seeks an injunction enjoining Defendant (1) from continuing to engage in conduct in breach of the Policy and Class Policies, and from continuing to collect unlawfully inflated charges in violation of the Policy and Class Policies; and (2) ordering Defendant to comply with the terms of the Policy and Class Policies in regards to its assessment of charges against Plaintiff and class members' cash values.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

(a) That the Court enter an order certifying the class, appointing Plaintiff as a representative of the class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the class;

(b) For a judgment against Defendant for the causes of action alleged against it;

(c) For compensatory damages in an amount to be proven at trial;

(d) For punitive and exemplary damages;

(e) For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policy and Class Policies;

(f) For appropriate injunctive relief, enjoining Defendant from continuing to engage in conduct related to the breach of the Policy and Class Policies;

(g) For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(h) For Plaintiff's attorney's fees;

(i) For Plaintiff's costs incurred; and

(j) For such other relief in law or equity as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

June 18, 2019                              Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*s/ Patrick J. Stueve*
Patrick J. Stueve MO Bar # 37682
Ethan M. Lange MO Bar # 67857
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    816-714-7100
Facsimile:    816-714-7101
Email:        stueve@stuevesiegel.com
Email:        lange@stuevesiegel.com

- And -

John J. Schirger MO Bar # 60583
Matthew W. Lytle MO Bar # 59145
Joseph M. Feierabend MO Bar # 62563
**MILLER SCHIRGER, LLC**
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone:    816-561-6500
Facsimile:    816-561-6501
Email:        jschirger@millerschirger.com
Email:        mlytle@millerschirger.com
Email:        jfeierabend@millerschirger.com

*Attorneys for Plaintiff Christopher Y. Meek*